UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TYRONE WEBER | CIVIL ACTION NO. 25-0698 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| BRANDY G. FLETCHER | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

Plaintiff Tyrone Weber, a prisoner at Riverbend Detention Center ("RDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 20, 2025, under 42 U.S.C. § 1983. He names Brandy G. Fletcher as Defendant.[1] For reasons below, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that after he filed a grievance,[2] Inmate Account Officer Brandy G. Fletcher failed to ensure that he was reimbursed $71.00, which was deducted from his inmate account at RDC to pay a fare for his bus ride home when he was released from incarceration from a previous sentence on June 2, 2024.[3] [doc. # 1, p. 3]. He adds that Fletcher's actions (or inaction) were unauthorized. [doc. # 9, p. 3]. He maintains that the Department of Corrections should have paid for his bus fare, that he was not responsible for paying the fare, and that he never agreed to pay the fare. *Id.* at 3, 4. He also alleges (i) Fletcher was negligent because she

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] [doc. # 1-2, p. 3].

[3] Plaintiff was incarcerated again at an unknown date. [doc. # 1, p. 4].

did not provide him "any invoice/documentation" about the charge to his account and (ii) Fletcher should not have investigated his grievance because his grievance was against her. *Id.* at 3. He suggests that, because he lacked the $71.00 from his account, he was unable to purchase hygiene items, food, and writing materials with which to contact family. [doc. # 9, p. 2].

Plaintiff claims that Fletcher "did everything possible to prevent the exercising of [his] right to petition, going as far as withholding legal documents as well as flagging incoming and outgoing mail." [doc. # 9, p. 2]. He appears to claim that after he filed this proceeding, Fletcher intercepted his outgoing mailing and failed to mail it to the Court. [doc. # 9-1, pp. 1, 3]. The mailing was a copy of this Court's June 20, 2025 Memorandum Order granting Plaintiff in forma pauperis status, on which he wrote that Fletcher misinterpreted the portion of the order concerning the monthly withdrawal of funds from his account to pay the filing fee each time his account exceeds $10.00. *Id.*

Plaintiff claims that because he complained about Fletcher to a warden, he suffered retaliation and was moved from his "original housing Phase III" to "a protective environment in Phase II[.]" [doc. # 9, p. 2]. The "transition made it even harder to contact [his] family and obtain the resources [he] need[ed]." *Id.*

Plaintiff seeks $71.00 in reimbursement, as well as compensation for his pain and suffering. [doc. # 1, p. 5].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[4] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Parratt/Hudson* Doctrine**

As above, Plaintiff claims that Inmate Account Officer Brandy G. Fletcher failed to ensure that he was reimbursed $71.00, which was deducted from his inmate account at RDC to pay a fare for his bus ride home when he was released from incarceration. [doc. # 1, p. 3]. He adds that Fletcher's actions (or inaction) were unauthorized. [doc. # 9, p. 3]. He maintains that the Department of Corrections should have paid for his bus fare, that he was not responsible for paying the fare, and that he never agreed to pay the fare. *Id.* at 3, 4. He also alleges that Fletcher was negligent because she did not provide him "any invoice/documentation" about the charge.

To the extent Plaintiff is claiming that Fletcher caused or is causing the deprivation of his funds, the *Parratt-Hudson* doctrine forecloses his claims. A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[5] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[6] *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both

---

[5] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[6] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

intentional and negligent deprivations of property. *See Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (citing Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).[7]

Here, Plaintiff does not allege that he was deprived of money by anyone acting under an official policy, custom, or procedure; rather, he describes unauthorized action. *See Allen v. Fuselier*, 273 F.3d 393 (5th Cir. 2001) (citing *Parratt* and concluding, "Allen's assertion that the defendants improperly removed $75 from his inmate account is frivolous because the existence of a postdeprivation tort cause of action in [Louisiana] law is sufficient to satisfy the requirements of due process."); *Washington v. Collier*, 747 F. App'x 221, 222 (5th Cir. 2018) ("[A] state actor's unauthorized deprivation of an inmate's prison account funds—be it negligent or intentional—'does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'") (quoting *Hudson*, 468 U.S. at 533); *Myers v. Klevenhagen*, 97 F.3d 91 (5th Cir. 1996); *Parker v. Davilla*, 67 F. App'x 242 (5th Cir. 2003); *Cannon v. Howard*, 224 F.3d 766 (5th Cir. 2000).

---

[7] *See also Suria v. Wathen*, 616 F. App'x 175 (5th Cir. 2015) (affirming dismissal of a claim that correctional officers lost an inmate's personal property through gross negligence and dereliction of duty, on grounds that "negligent conduct is not actionable under § 1983.").

Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, the Court should dismiss Plaintiff's claims.

**3. Grievance Responses**

To the extent Plaintiff is claiming that Fletcher failed to properly investigate his grievances concerning his allegedly improperly deducted funds, he does not state a plausible claim. Likewise, he does not raise a plausible claim with respect to his allegation that Fletcher was conflicted and should not have investigated his grievance because his grievance was against her.

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to

7

investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss these claims.

### 4. Access to Court

Plaintiff claims that Fletcher "did everything possible to prevent the exercising of [his] right to petition, going as far as withholding legal documents as well as flagging incoming and outgoing mail." [doc. # 9, p. 2]. He appears to claim that after he filed this proceeding, Fletcher failed to send his outgoing mailing to this Court, which was a copy of the Court's June 20, 2025 Memorandum Order granting Plaintiff in forma pauperis status on which Plaintiff wrote that Fletcher misinterpreted the part of the order concerning the monthly withdrawal of funds from his account to pay the filing fee when funds in his account exceed $10.00. [doc. # 9-1, pp. 1, 3].

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from filing or caused him to lose a case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418

8

U.S. 539, 579 (1974)).

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher*, 536 U.S. at 413-14).

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); *see Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

Here, Plaintiff fails to state a plausible claim because he does not allege that he lost an actionable claim or was prevented from presenting such a claim because the Court did not receive (until now) his comments concerning the payment of his filing fee. The undersigned recommends dismissing Plaintiff's claims in the instant Report and Recommendation on grounds other than the alleged failure of a prison official to deduct funds from Plaintiff's account. Plaintiff does not demonstrate that his position as a litigant is or was prejudiced as a direct result of Fletcher's alleged mail interference.

Likewise, Plaintiff does not sufficiently identify a non-frivolous, arguable claim that he could not raise because of defendant's actions, that he raised and lost, or for which he could not

9

obtain a remedy. He states that Fletcher interfered with his right to petition the Court; however, he was able to initiate this proceeding by filing a complaint, and he was able to file an amended pleading.

The Court should dismiss this claim.

**5. Conditions of Confinement**

Plaintiff suggests that because he lacked the $71.00 from his account, he was unable to purchase hygiene items, food, and writing materials with which to contact family. [doc. #s 1, p. 5; 9, p. 2].

"While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)). To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of the "minimal civilized measure of life's necessities."[8] *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn

---

[8] The deprivation alleged must be, objectively, sufficiently serious. *Farmer*, 511 U.S. at 834. This standard is not static: the inquiry is whether the conditions are contrary to "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation marks and quoted source omitted).

the inference. *Farmer*, 511 U.S. at 837.

"*Some* conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (internal quotation marks and quoted source omitted).[9]  However, "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Here, Plaintiff's claim is impermissibly conclusory.  He does not plausibly allege that he endured an extreme deprivation of any life necessity and that he was exposed to a substantial risk of serious harm. *See Wingfield v. Garner*, 2025 WL 1040649, at *4 (5th Cir. Apr. 8, 2025) (finding that the plaintiff failed to state a conditions of confinement claim because he "failed to plead what harm he experienced as a result [of the conditions] or what substantial risk of serious harm" the conditions created).  The Court should dismiss this threadbare claim.

### 6. Retaliation

Plaintiff claims that because he complained about Fletcher to a warden, he suffered retaliation and was moved from his "original housing Phase III" to "a protective environment in Phase II[.]"  [doc. # 9, p. 2].  The "transition made it even harder to contact [his] family and obtain the resources [he] need[ed]." *Id.*

---

[9] "Such things as food, sleep, clothing, shelter, medical attention, reasonable safety, sleep, and exercise have been recognized by courts as basic physical human needs subject to deprivation by conditions of confinement." *Wilkerson v. Stalder*, 639 F. Supp. 2d 654, 678 (M.D. La. 2007) (citing cases).

Plaintiff, however, does not identify a responsible defendant. He references a warden, an assistant warden, and a captain, but he does not address how they were personally involved.

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Plaintiff does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). The Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

Accordingly, the Court should dismiss this claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Tyrone Weber's claims that Defendant Fletcher deprived him of funds be **DISMISSED WITH PREJUDICE** as legally

frivolous and for failing to state claims on which relief may be granted but otherwise **WITHOUT PREJUDICE** to Plaintiff's right to pursue relief under state law in state court for the same alleged conduct.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 29th day of July, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge